UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NICOLE O.,

                                 **Plaintiff,**

  vs.                                                       5:24-CV-1221
                                                                      (MAD/ML)

COMMISSIONER OF SOCIAL SECURITY,

                                **Defendant.**
_____

APPEARANCES:                                           OF COUNSEL:

**HILLER COMERFORD INJURY**         **JUSTIN M. GOLDSTEIN, ESQ.**
**& DISABILITY LAW**                       **MARY ELLEN GILL, ESQ.**
6000 North Bailey Avenue - Suite 1a
Amherst, New York 14226
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **MOLLY CARTER, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff Nicole O. commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of the decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits. *See* Dkt. No. 1.

      In a Report -Recommendation dated December 23, 2025, Magistrate Miroslav Lovric recommended that (1) Plaintiff's motion for judgment on the pleadings be denied; (2) Defendant's motion for judgment on the pleadings be granted; and (3) the Commissioner's decision be affirmed. *See* Dkt. No. 18. Neither party filed objections.

1

When no objections are made to a magistrate judge's recommendation, the Court reviews a report-recommendation for only clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 229 (N.D.N.Y. 2012) (citing FED. R. CIV. P. 72(b), Advisory Committee Note: 1983). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quotation and footnote omitted). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court finds no clear error in Magistrate Judge Lovric's Report-Recommendation. Specifically, the Court finds no error in the determination that the ALJ sufficiently discussed Plaintiff's need to use the restroom, her ability to remain on task, and her mental health symptoms as part of his RFC determination. As Magistrate Judge Lovric stated, "the ALJ's decision devoted significant analysis to Plaintiff's treatment history for digestive and gastrointestinal issues and her response to that treatment" and "thorough[ly] analy[zed]" the mental health medical "opinion and Plaintiff's mental health history." Dkt. No. 18 at 11, 16. Indeed, the ALJ's decision addressed those issues more completely than the undersigned often observes in ruling on Social Security appeals. Plaintiff's disagreement with the ALJ's decision is not a basis for remand as "[t]he Court must 'defer to the Commissioner's resolution of conflicting evidence' and reject the ALJ's findings 'only if a reasonable factfinder would have to conclude otherwise.'" *Traci R. o/b/o E.A.O.B. v. Comm'r of Soc. Sec.*, No. 5:21-CV-607, 2022 WL 4354367, *12 (N.D.N.Y. Sept. 20, 2022) (quoting *Morris v. Berryhill*, 721 Fed. Appx. 25, 29 (2d Cir. 2018)).

This is not a case where the ALJ ignored a plaintiff's need to use the restroom, inability to stay on task, or mental health symptoms. *See* Dkt. No. 18 at 12-13 (collecting cases). Importantly, the ALJ included ready access to bathrooms in his RFC determination solely because

of Plaintiff's subjective complaints. *See* Dkt. No. 9 at 33; *see also Melissa D. v. Comm'r of Soc. Sec.*, No. 1:21-CV-00652, 2023 WL 2364814, *4 (W.D.N.Y. Mar. 6, 2023) (concluding that remand was not warranted on this basis because "the ALJ permissibly partially credited [the p]laintiff's subjective complaints and accordingly included in the RFC finding a limitation for time off-task and bathroom breaks that was not identified by the medical opinions of record"). Magistrate Judge Lovric is correct in deferring to the ALJ's resolution of the evidence which suggests that although Plaintiff requires ready access to a restroom, she is still able to perform the range of work the ALJ identified. *See* Dkt. No. 18 at 12-15.

Likewise, the Court agrees with Magistrate Judge Lovric's opinion that the ALJ appropriately considered and discussed Plaintiff's mental health limitations. *See id.* at 16-17. Contrary to Plaintiff's assertions in her brief, *see* Dkt. No. 13-1 at 12, the ALJ did not ignore any portion of the mental health opinion in the record. *See* Dkt. No. 9 at 27. The ALJ thoroughly discussed Plaintiff's mental health limitations and the Court finds no error in Magistrate Judge Lovric's recommendation to uphold the ALJ's conclusions related thereto.

Accordingly, after carefully reviewing the Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 18) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 16) is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED**; and the Court further

3

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and dismiss Plaintiff's complaint; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: February 3, 2026
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge